UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NOLASCO PICHARDO,

                Plaintiff,

                v.                                    9:10-CV-0104 (LEK/DRH)

ALICE MEDICAL CENTER;
DOCTOR MARCO BERARDI;
DOCTOR RICHARD FINCH;
DOCTOR BERMA,

                Defendants.
_____

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

By Memorandum-Decision and Order filed March 16, 2010, *pro se* Plaintiff Nolasco Pichardo was afforded the opportunity to file an amended pleading if he wished to avoid dismissal of this action. Dkt. No. 7 (the "March Order"). Plaintiff's Amended Complaint is now before this Court for consideration. Dkt. No. 10.

In his original Complaint, Plaintiff stated that he was sent to "Alice Medical Center"[1] in Malone, New York for surgery on his left tibia on July 8, 2008. Dkt. No. 1 at 4. Plaintiff alleged that the surgery was unsuccessful, and that the operation caused irreparable nerve damage to his left leg. Plaintiff further stated that he was scheduled for further surgery to "repair" the damage

---

[1] As noted in the March Order, Plaintiff appears to be referring to Alice Hyde Medical Center ("AHMC"). See Dkt. No. 7 at 1 n.1.

done during the first surgery. Id. at 5. In addition to AHMC, the Complaint named three individuals as Defendants. According to Plaintiff, "[t]hese three doctors work for Alice Medical Center, and the hospital is responsible for their medical malpractice." Id.

Upon review of Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e), the Court determined that the allegations contained in the pleading were not sufficient to establish that AHMC is a state actor for purposes of 42 U.S.C. § 1983. See Dkt. No. 7 at 3-4. Accordingly, Plaintiff was advised that the Complaint, as drafted, failed to state a claim against the named Defendants upon which relief could be granted by this Court. Id. at 4.

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

Plaintiff's Amended Complaint differs from the original Complaint in only a few respects. Once again, Plaintiff names AHMC and the three doctors involved in the surgery as Defendants and reasserts against his claim that they failed to perform the surgery in accordance with the "accepted standard." See Dkt. No. 10 at 4-5.

As Plaintiff was advised by the March Order, however, neither AHMC, nominally a private entity, nor its employees can be held liable under § 1983 unless Plaintiff has established that they acted under color of state law. See Dkt. No. 7 at 3-4.[2] The Amended Complaint does not include any factual allegations which might support such a finding. Accordingly, the Court finds that the Amended Complaint does not state a claim against these Defendants upon which

---

[2] Moreover, it is well-settled that medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Rather, the plaintiff must allege conduct that is "'repugnant to the conscience of mankind'" or "'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992) (quoting Estelle, 429 U.S. at 102, 105-06).

relief may be granted by this Court; it is therefore subject to dismissal.

The March Order further advised Plaintiff that in the event he wished to name one or more individuals involved in or responsible for his medical care at the correctional facility as Defendants in this action,[3] he must identify them by name in the caption of his Amended Complaint and must set forth in the body of that pleading a short and plain statement of the facts relied on in support of his claims against them. See Dkt. No. 7 at 4.

The Amended Complaint names Dr. David Karandy, identified as the medical supervisor at Great Meadow Correctional Facility, as a Defendant. Dkt. No. 10 at 1-2. Plaintiff alleges in this pleading that Dr. Karandy denied Plaintiff adequate treatment, including medication, for his serious medical condition. Id. at 5. Plaintiff further alleges that Dr. Karandy denied Plaintiff access to his medical boots. Id.

Reading these allegations in a light most favorable to Plaintiff, the Court finds that Plaintiff may proceed with the claim set forth in his Amended Complaint against Defendant Karandy.[4]

### III.  CONCLUSION

Wherefore, it is hereby

**ORDERED**, that Alice Medical Center, Dr. Marco Berardi, Dr. Richard Finch, and Dr. Berma, are **DISMISSED** as Defendants in this action. The Clerk is directed to revise the docket to reflect that Dr. David Karandy is the sole Defendant in this action; and it is further

---

[3] Plaintiff had filed a letter motion seeking to add Dr. David Karandy as a Defendant and to assert Eighth Amendment deliberate indifference claims against him. See Dkt. No. 6.

[4] Whether or not Plaintiff's claim can withstand summary judgment, the *sua sponte* dismissal of the Amended Complaint at this stage of the proceeding would be inappropriate.

**ORDERED,** that upon receipt from Plaintiff of the documents required for service, the Clerk of the Court shall issue a summons and forward it, along with a copy of the Amended Complaint, to the United States Marshal for service upon the Defendant.[5] The Clerk of the Court shall also forward a copy of the summons and Amended Complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order; and it is further

**ORDERED,** that Defendant or his counsel shall file a formal response to Plaintiff's Amended Complaint as provided for in Rule 12 of the Federal Rules of Civil Procedure after service of process on Defendant; and it is further

**ORDERED,** that the parties to this action shall file all pleadings, motions and other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley Federal Building and Courthouse, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  A party must accompany any paper that it files with the Clerk of the Court with a certificate showing that the party has mailed a true and correct copy of that paper to all opposing parties or their counsel.  The Clerk of the Court will strike from the docket any document that the Clerk of the Court or the Court receives which does not include a proper certificate of service.  Plaintiff must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  Plaintiff must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.  The Court will decide all motions

---

[5] The Court previously granted Plaintiff leave to proceed with this action *in forma pauperis*.  See Dkt. No. 7 at 5.

4

based on the submitted papers without oral argument unless the Court orders otherwise; and it is further

**ORDERED,** that the Clerk serve a copy of this Decision and Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

DATED: May 13, 2010
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge