**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NOLASCO PICHARDO,

Plaintiff,

v.

No. 10-CV-104 (MAD/DRH)

DR. DAVID KARANDY.

Defendant.[1]

**APPEARANCES:** **OF COUNSEL:**

NOLASCO PICHARDO
Plaintiff Pro Se
85 Presidential Boulevard
No. 10-C
Paterson, New Jersey 07522

HON. ERIC T. SCHNEIDERMAN
Attorney General for the
State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

CATHY Y. SHEEHAN, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff pro se Nolasco Pichardo ("Pichardo"), formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Dr. David Karandy, medical supervisor at Great Meadow Correctional Facility, violated his constitutional rights under the

[1] Four other defendants were previously ordered dismissed from the action. Dkt. No.13.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Eighth Amendment. Am. Compl. (Dkt. No. 10). Presently pending is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 26. Pichardo failed to respond to the motion. For the following reasons, it is recommended that defendant's motion be granted in part and denied in part.

## I. Background

The facts are related in the light most favorable to Pichardo as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

On July 8, 2008, Pichardo, then in DOCCS custody, was taken to Alice Hyde Medical Center for surgery on his left tibia bone and ankle which he had injured playing softball. Am. Compl. ¶ 6, at 4. The surgery was unsuccessful which resulted in nerve damage, constant pain, and numbness to Pichardo's left leg. Id. at 4-5. Pichardo was scheduled for additional corrective surgery, but that surgery was never performed. Id. at 5. Upon returning to the correctional facility, Dr. Karandy aggravated Pichardo's condition by failing to provide him with medical care and assistance. Id. Dr. Karandy failed to provide him pain medication, commenting that he did not care about Pichardo's chronic leg pain, and failed to provide him with medical boots to assist with his condition. Id. This action followed.

## II. Discussion[3]

Pichardo claims that his Eighth Amendment rights were violated when Dr. Karandy failed

[3] Defendant also seeks a protective order barring discovery pursuant to Fed. R. Civ. p. 26(c). As defendant has not yet filed an answer, no discovery has occurred and this request is moot.

to provide him with adequate medical care. Dr. Karandy responds that Pichardo's claim is meritless, he is partially protected from liability by the Eleventh Amendment, and he is shielded by qualified immunity.

## A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a content specific task that

requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

As noted, Pichardo has not filed a response to defendant's motion although reminded of the possible consequences of doing so and receiving a sua sponte extension of time to do so. Dkt. No. 26, Text Order filed Jan. 20, 2011.

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R. 7.1(b)(3) (emphasis added). Thus, even where, as here, a motion to dismiss is unopposed, the moving party is still entitled to relief only if he or she has shown that the complaint fails to state a cause of action under Rule 12(b)(6) based solely on the allegations of the complaint and without consideration of other evidence. By comparison, when a motion for summary judgment under Fed. R. Civ. P. 56 is not opposed, the uncontradicted facts asserted by the moving party are accepted as true for purposes of the motion. See, e.g., Onanuga v. Pfizer, Inc., 369 F. Supp. 2d 491, 493 n.1 (S.D.N.Y. 2005) (citing Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001); Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997); see also N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted

any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.") (emphasis in original).

**B. Eighth Amendment**

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. This prohibition extends to the provision of medical care. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The test for a § 1983 claim is twofold. First, the prisoner must show that the condition to which he was exposed was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting Hudson v. McMillian, 503 U.S. 1,9 (1992)). Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003) (citing Chance, 143 F.3d 698, 702 (2d Cir. 1998)). The severity of the

denial of care should also be judged within the context of the surrounding facts and circumstances of the case. Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." Chance, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Chance, 143 F.3d at 703. Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001). Furthermore, allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

In this case, defendant states that Pichardo's complaints of chronic pain, numbness, and other complications associated with his previous leg surgery are insufficient to constitute a serious medical need. Pain and discomfort may, in some circumstances, suffice to establish the first prong of the analysis if such pain is so extreme that it becomes a condition of urgency. Chance, 143 F.3d at 702 (internal quotation marks and citations omitted). Pichardo alleges chronic pain, which has worsened since his surgery. Am. Compl. ¶ 6 at 5. Moreover, Pichardo's complaint alleges that he has difficulty ambulating since his surgery and he was recommended to undergo an additional surgery to alleviate some of his current symptoms. Id. Chronic pain in combination with an inability to properly

ambulate and a recommendation for additional surgery represents a serious medical condition given the Brock factors. Accordingly, defendant's contention that Pichardo failed to suffer from a serious medical condition must be rejected.

Additionally, defendant claims that Pichardo failed to state a claim of deliberate indifference. However, Pichardo contends that Dr. Karandy both denied medication while expressing apathy to Pichardo's chronic pain and suffering. Am. Compl. ¶ 6 at 5 ("Karandy . . . denied [Pichardo] medical assistance and the appropriate medication. [Pichardo] have [sic] real chronic pain and [Karandy] said he don't care, now I have worse pain . . . . "). Such claims represent more than mere negligence or malpractice. Viewing the facts in the light most favorable to Pichardo, Dr. Karandy's actions of acknowledging and effectively ignoring Pichardo's complaints of pain and failure to prescribe him needed medical boots constitutes deliberate indifference to Pichardo's worsening medical ailments.

Accordingly, defendant's motion on this ground should be denied.

**C. Eleventh Amendment**

Pichardo does not indicate whether he is naming defendant in his official or personal capacity, or both. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the

relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

A suit against a state official in his or her official capacity is a suit against the entity that employs the official. Farid v. Smith, 850 F.2d 917, 921 (2d Cir.1988) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself," rendering the latter suit for money damages barred even though asserted against the individual officer. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Here, Pichardo seeks monetary damages against Dr. Karandy for acts occurring within the scope of his duties with the NYSDOCCS. Thus, to the extent such damages are alleged in connection with Dr. Karandy's official capacity, the Eleventh Amendment bar applies and serves to prohibit Pichardo's claim for monetary damages against Dr. Karandy in his official capacity.

## D. Qualified Immunity

Defendant also contends that he is entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov.

10, 2003). However, even if the constitutional privileges are "clearly defined . . . qualified or good faith immunity might still be available as a bar to a plaintiff's suit if it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991) (citations omitted).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.

With respect to Pichardo's Eighth Amendment claim, further inquiry must be pursued. First, Pichardo has alleged a constitutional violation. Second, there then existed an undeniable right to adequate medical care under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 33 (1993) (holding that the Eighth Amendment "requires that inmates be furnished with . . . reasonable safety [and i]t is cruel and unusual punishment to hold convicted criminals in unsafe conditions.") (internal quotation marks and citations omitted). Thus, Pichardo's allegations that defendant's actions as to his medical care subsequent to his leg surgery were deliberately indifferent suffice to defeat defendants' claim of qualified immunity at this stage in the litigation.

Accordingly, it is recommended that defendant's motion on this ground be denied.

## III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No. 26) be:

1. **GRANTED** as to Pichardo's claim against Dr. Karandy for money damages in his official capacity; and

2. **DENIED** in all other respects.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 14, 2011
Albany, New York

David R. Homer
United States Magistrate Judge