**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NOLASCO PICHARDO,**

                       **Plaintiff,**

    **vs.**                                               **9:10-cv-104**
                                                          **(MAD/DRH)**

**DR. DAVID KARANDY,**

                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**NOLASCO PICHARDO**
85 Presidential Boulevard
No. 10-C
Paterson, New Jersey 07522
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **CATHY Y. SHEEHAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff *pro se*, formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant Karandy, the medical supervisor at Great Meadow Correctional Facility, violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 10. Specifically, plaintiff alleges that, on July 8, 2008, he was taken to Alice Hyde Medical Center for surgery on his left tibia and ankle, which he had injured playing softball. *See id.* at 4. The surgery was unsuccessful and resulted in nerve damage, constant pain, and numbness to plaintiff's

leg. *See id.* at 4-5. Plaintiff was scheduled for additional corrective surgery, but it was never performed. *See id.* at 5.

Upon returning to the correctional facility, plaintiff alleges that defendant Karandy failed to provide him with pain medication, commenting that he did not care about plaintiff's chronic leg pain. *See id.* Moreover, plaintiff asserts that defendant Karandy failed to provide him with medical boots to assist with his condition. *See id.*

In a July 14, 2011 Report-Recommendation and Order, Magistrate Judge Homer recommended that the Court deny defendant's motion to dismiss because plaintiff's "claims represent more than mere negligence or malpractice," and because, "[v]iewing the facts in the light most favorable to [plaintiff], [defendant] Karandy's actions of acknowledging and effectively ignoring [plaintiff's] complaints of pain and failure to prescribe him needed medical boots constitutes deliberate indifference to [plaintiff's] worsening medical ailments." *See* Dkt. No. 30 at 7. Further, Magistrate Judge Homer recommended that the Court deny defendant's motion to dismiss on the ground that he is entitled to qualified immunity. *See id.* at 8-9. Magistrate Judge Homer found that it was premature to dismiss plaintiff's claims on qualified immunity grounds at this stage in the litigation. *See id.* at 9. Finally, Magistrate Judge Homer recommended that the Court find that the Eleventh Amendment bars plaintiff's claim for monetary damages against defendant Karandy in his official capacity. *See id.* at 8. Neither party objected to Magistrate Judge Homer's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for

clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Homer's July 14, 2011 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Homer correctly determined that the Court should grant defendant's motion to dismiss the complaint insofar as it seeks damages against defendant Karandy in his official capacity, but that the Court should deny the motion in all other respects.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Homer's July 14, 2011 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that defendant's motion to dismiss the complaint is **GRANTED in part and DENIED in part**, as set forth in Magistrate Judge Homer's July 14, 2011 Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in compliance with the Local Rules; and the Court further

**ORDERS** that this case is referred to Magistrate Judge Homer for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: August 4, 2011
       Albany, New York

Mae A. D'Agostino
U.S. District Judge