**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

NOLASCO PICHARDO,

                    Plaintiff,

          v.                              No. 10-CV-104
                                             (MAD/CFH)

DR. DAVID KARANDY,

                    Defendant.[1]

_____

**APPEARANCES:**                    **OF COUNSEL:**

NOLASCO PICHARDO
Plaintiff Pro Se
85 Presidential Boulevard, #10-C
Paterson, New Jersey 07522


HON. ERIC T. SCHNEIDERMAN        CATHY Y. SHEEHAN, ESQ.
Attorney General for the              Assistant Attorney General
  State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

    Plaintiff pro se Nolasco Pichardo ("Pichardo"), formerly an inmate in the custody of the

New York State Department of Corrections and Community Supervision ("DOCCS"), brings

this action against Defendant Karandy, a supervising physician, alleging violations of the

Civil Rights Act, 42 U.S.C. § 1983.  Am. Compl. (Dkt. No. 10).  Presently pending is

_____

     [1]By Decision and Order dated May 13, 2010, the Court dismissed all defendants
except Defendant Karandy.  Dkt. No. 13.

     [2]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

defendant's motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and 37(d).  Dkt. No. 38.  By order, Pichardo was granted until June 18, 2012 to respond to the motion.  Dkt. No. 39.  Despite this extension, Pichardo did not file opposition papers to the motion.  For the following reasons, it is recommended that defendant's motion be granted.

## I.  Background

Pichardo commenced this action on January 28, 2010, while he was an inmate in DOCCS's custody, and added Karandy as a defendant on April 12, 2010.  Compl. (Dkt. No. 1); Am. Compl. (Dkt. No. 10).  The Court granted Pichardo's request to proceed in forma pauperis on March 16, 2010.  Dkt. No. 7.  Pichardo specifically alleges that while in DOCCS custody, defendant Dr. Karandy denied his requests for medical assistance, appropriate medication, and medical boots for pain relief arising from a prior ankle surgery.  Dkt. No. 10, at 5.

On November 18, 2010, Dr. Karandy filed a motion to dismiss the amended complaint. Dkt. No. 26.  On January 20, 2011, the Court sua sponte granted Pichardo an extension of time, until February 22, 2011, to file a response to defendant's motion and warned him that "he must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address."  Dkt. report entry dated 1/20/2011.  Pichardo did not respond to defendant's motion to dismiss but filed a Notice of Change of Address on January 25, 2011, indicating that he was released and residing in New Jersey.  Dkt. No. 27.

Pichardo "was parole released to the United States Immigration Services [on March 1, 2011] and deported to the Dominican Republic by the end of March 2011."  Sheehan Decl. (Dkt. No. 38-6) ¶ 9; Dkt. No. 38-7.  On March 17, 2011, the Court sua sponte granted

Pichardo a final extension of time, until April 20, 2011, to file opposition papers.  See Dkt. report entry dated 3/17/2011.  Again, Pichardo failed to respond.

On August 16, 2011, the Court issued a Mandatory Pretrial Discovery and Scheduling Order requiring Pichardo to produce to Dr. Karandy, by October 17, 2011, "a list [or] . . . copies of any . . . documents and other materials which [Pichardo] may use to support the claims in the complaint," any documents related to the pursuit of administrative remedies, and any prior documents related to litigation previously commenced by Pichardo.  Dkt. No. 34.  The order also notified Pichardo that his failure "to attend, be sworn, and answer appropriate questions" at a deposition may result in the dismissal of his action.  Id. Pichardo never produced any discovery nor contacted counsel.  Sheehan Decl. (Dkt. No. 38-6) ¶ 15.

On November 22, 2011, Dr. Karandy served a Notice of Deposition on Pichardo in New Jersey for a deposition scheduled on December 7, 2011 at the Office of the Attorney General in Albany, New York.  Dkt. No. 38-9 at 5, 9.  Pichardo was again advised that his failure to attend may result in the dismissal of his action.  Id. at 5-6, 10.  Nevertheless, on December 7, 2011, Pichardo failed to appear for the deposition.  Dkt. No. 38-9, at 6.

On April 11, 2012, Dr. Karandy filed the instant motion.  Dkt. No. 38.  On May 16, 2012, Pichardo was served with an order granting him until June 18, 2012 to respond to the motion, advising him that his "failure to respond to defendant's motion may result in the termination of the case in favor of the defendant[] . . . ."  Dkt. No. 39.  The present motion remains unopposed.

## II.  Discussion

### A.  Federal Rules of Civil Procedure 41(b)

Federal Rules of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedures] or a court order . . . ."  Id.; see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate only in extreme situations."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'"  Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2006).  To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> (1) the duration of plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant[] is likely to be prejudiced by further delay . . . (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535; see also Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994).

A review of this case's procedural history shows that Pichardo's inactivity began after he filed a Notice of Change of Address on January 25, 2011.[3]  While Pichardo was able to file a Notice of Change of Address, he has failed to respond to defendant's motion to dismiss

---

[3]The reason why Pichardo changed his address before his release is irrelevant as it was his responsibility to keep the Court and his adversaries apprised of his most current address.  See N.D.N.Y.L.R. 10(b).

4

dated November 18, 2010. Pichardo also failed to produce mandatory discovery and to appear for a deposition on December 7, 2011 despite <u>sua sponte</u> extensions by the Court and repeated warnings about the consequences of non-participation from both the defendant and Court. Specifically, Pichardo was on notice that failure to comply may result in the dismissal of the action. Thus, for at least the past nineteen months, Pichardo has not communicated with the Court nor the defendant in any manner.

Defendant's counsel indicates that Pichardo was deported in March 2011. Pichardo has failed to participate or communicate with either the Court or Dr. Karandy since his deportation. The present case is like others dismissed for failure to advise of a new address following deportation. <u>See</u> <u>Villasenor v. City of Fairfield</u>, No. 11-16887, 2012 WL 29513, at *1 (9th Cir. July 17, 2012) (dismissing § 1983 litigation "in light of the relevant factors, including the pendency of the action for over a year without meaningful prosecution . . . [and plaintiff's] inability to respond to discovery or participate in the action after being deported to Mexico); <u>Reynoso v. Selsky et al.</u>, No. 02-CV-6318 (CJS), 2011 WL 3322414, at *3 (W.D.N.Y. Aug. 2, 2011) (dismissing § 1983 litigation because plaintiff failed to communicate with the Court following deportation); <u>cf.</u> <u>Brown v. Wright</u>, No. 05-CV-82 (FJS/DRH), 2008 WL 346347 (N.D.N.Y. Feb. 6, 2008) (declining to dismiss action where the plaintiff maintained communication with the Court and defendants following deportation).[4] Thus, Pichardo's failures to update and maintain a current address, produce mandatory discovery, and appear for a deposition resulted not from his immigration status, but a conscious choice.

---

[4]All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

Defendant has been prejudiced by Pichardo's failure to participate in discovery. First, defendant has been denied access to necessary information to defend himself. Second, defendant has acted in good faith in responding to Pichardo's claims while the Court has allowed Pichardo to participate in discovery and respond to Defendant's motions.

Lastly, the need to eliminate court calendar congestion and the availability of lesser sanctions both militate in favor of granting the present motion. Pichardo has been notified that failure to promptly notify the Court and all adversaries of any address change, participate in discovery, and appear for a deposition may result in the dismissal of his action. In short, Pichardo has received a fair chance to be heard. His failure to communicate with defendant and the Court during the discovery phase of his lawsuit evidences an intent to abandon this action. To recommend otherwise would jeopardize the Court's legitimate interest in managing a congested docket with efficiency. Moreover, because the Court has already granted Pichardo several extensions of time to respond to defendant's motions, any lesser sanctions would be only temporarily prolonging the life of the action.

Weighing these factors in the context of the immediate issue presented by Pichardo's failure to prosecute his action, the weight tips in favor of granting defendant's motion and dismissal of this action is warranted.


### B.  Federal Rules of Civil Procedure 37(d)

Alternatively, defendant contends that Pichardo's action should be dismissed pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. This Rule provides that a court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being

6

served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i), 37(d)(3). As indicated above, Pichardo failed to appear for a deposition on December 7, 2011. Even though Pichardo's failure to appear may be attributed to his failure to apprise the Court of his current address, because all parties have an ongoing obligation to keep their addresses updated with both the Court and adversaries, N.D.N.Y.L.R. 10.1(c)(2), such an explanation is irrelevant. Morgan v. Dardiz, 177 F.R.D. 125 (N.D.N.Y. 1998) (dismissing the action based upon the plaintiff's failure to advise the Court of his current address). Therefore, pursuant to Rule 37(d), Pichardo's failure to appear as a deponent merits the dismissal of the action.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 38) be **GRANTED** and Pichardo's Complaint be **DISMISSED** due to his failure to diligently prosecute this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated:  September 12, 2012
           Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

7