UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NOLASCO PICHARDO,

                                      **Plaintiff,**

   vs.                                                         9:10-cv-104
                                                                        (MAD/CFH)

**DR. DAVID KARANDY,**

                                      **Defendants.**
_____

APPEARANCES:                                    OF COUNSEL:

**NOLASCO PICHARDO**
85 Presidential Boulevard
No. 10-C
Paterson, New Jersey 07522
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **CATHY Y. SHEEHAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. BACKGROUND

      Plaintiff *pro se*, formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Karandy, the medical supervisor at Great Meadow Correctional Facility, violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 10. Specifically, Plaintiff alleges that, on July 8, 2008, he was taken to Alice Hyde Medical Center for surgery on his left tibia and ankle, which he had injured playing softball. *See id.* at 4. The surgery was unsuccessful and resulted in nerve damage, constant pain, and numbness to Plaintiff's

leg. *See id.* at 4-5.  Plaintiff was scheduled for additional corrective surgery, but it was never performed.  *See id.* at 5.  Upon returning to the correctional facility, Plaintiff alleges that Defendant Karandy failed to provide him with pain medication, commenting that he did not care about Plaintiff's chronic leg pain.  *See id.*  Moreover, Plaintiff asserts that Defendant Karandy failed to provide him with medical boots to assist with his condition.  *See id.*

On November 18, 2010, Defendant Karandy filed a motion to dismiss the amended complaint.  *See* Dkt. No. 26.  On January 20, 2011, Magistrate Judge Homer *sua sponte* granted Plaintiff an extension of time, until February 22, 2011, to file a response to Defendant's motion and warned him that "he must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address."  *See* Text Order dated Jan. 20, 2011.  Plaintiff did not respond to Defendant's motion to dismiss but filed a Notice of Change of Address on January 25, 2011, indicating that he was released and residing in New Jersey.  *See* Dkt. No. 27.

Thereafter, Plaintiff "was parole released to the United States Immigration Services [on March 1, 2011] and deported to the Dominican Republic by the end of March 2011."  *See* Dkt. No. 38-6 at ¶ 9; Dkt. No. 38-7.  On March 17, 2011, Magistrate Judge Homer *sua sponte* granted Plaintiff a final extension of time, until April 20, 2011, to file opposition papers to Defendant's motion to dismiss.  See Text Order dated March 17, 2011.  Again, Plaintiff failed to respond.  In a July 14, 2011 Report and Recommendation, Magistrate Judge Homer recommended that the Court grant in part and deny in part Defendant's motion to dismiss.  *See* Dkt. No. 30.  On August 4, 2011, the Court adopted Magistrate Judge Homer's Report and Recommendation.  *See* Dkt. No. 32.

On August 16, 2011, the Court issued a Mandatory Pretrial Discovery and Scheduling

Order requiring Plaintiff to produce to Defendant Karandy, by October 17, 2011, "a list [or] . . . copies of any . . . documents and other materials which [Plaintiff] may use to support the claims in the complaint," any documents related to the pursuit of administrative remedies, and any prior documents related to litigation previously commenced by Plaintiff. *See* Dkt. No. 34. The order also notified Plaintiff that his failure "to attend, be sworn, and answer appropriate questions" at a deposition may result in the dismissal of his action. *See id.* Plaintiff never produced any discovery nor contacted counsel. *See* Dkt. No. 38-6 at ¶ 15.

On November 22, 2011, Defendant Karandy served a Notice of Deposition on Plaintiff in New Jersey for a deposition scheduled on December 7, 2011 at the Office of the Attorney General in Albany, New York. *See* Dkt. No. 38-9 at 5, 9. Plaintiff was again advised that his failure to attend may result in the dismissal of his action. *See id.* at 5-6, 10. Nevertheless, on December 7, 2011, Plaintiff failed to appear for the deposition. *See* Dkt. No. 38-9 at 6.

On April 11, 2012, Defendant Karandy filed a motion to dismiss for failure to prosecute. *See* Dkt. No. 38. On May 16, 2012, Plaintiff was served with an order granting him until June 18, 2012 to respond to the motion, advising him that his "failure to respond to defendant's motion may result in the termination of the case in favor of the defendant[.]" *See* Dkt. No. 39. Plaintiff again failed to respond to Defendant Karandy's motion.

In a Report-Recommendation and Order dated September 12, 2012, Magistrate Judge Hummel[1] recommended that the Court grant Defendant Karandy's motion and dismiss this action. *See* Dkt. No. 41. Specifically, Magistrate Judge Hummel found that Plaintiff's "failures to update and maintain a current address, produce mandatory discovery, and appear for a deposition

---

[1] On September 4, 2012, this matter was reassigned to Magistrate Judge Hummel upon Magistrate Judge Homer's retirement.

3

resulted not from his immigration status, but a conscious choice." *See id.* at 5. In light of Plaintiff's actions, Magistrate Judge Hummel recommended that the Court find that all factors the Court is required to consider when deciding to dismiss a case pursuant to Rule 41(b) weigh in favor of granting Defendant Karandy's motion. *See id.* at 5-6. Alternatively, Magistrate Judge Hummel recommended that the Court dismiss this case pursuant to Rule 37(d) due to his failure to appear for his deposition. *See id.* at 6-7.

Plaintiff did not file objections to Magistrate Judge Hummel's Report-Recommendation and Order.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Hummel's September 12, 2012 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the Court should dismiss Plaintiff's claims, in light of his failure to prosecute this action and his failure to comply with the Court's orders. The last time Plaintiff filed anything in this matter was January 25, 2011 when he filed a notice of change of

4

address. *See* Dkt. Nos. 27, 28. Plaintiff repeatedly failed to respond to Defendant Karandy's motions and failed to abide by court-ordered deadlines, despite repeated extensions of time to do so. As such, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should grant Defendant Karandy's motion to dismiss for failure to prosecute.[2]

### III. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Hummel's September 12, 2012 Report-Recommendation and Order, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's September 12, 2012 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure is **GRANTED in its entirety**, as set forth in Magistrate Judge Hummel's September 12, 2012 Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in compliance with the Local Rules; and the Court further

---

[2] The Court finds that dismissal would also be an appropriate sanction under Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's failure to attend his own deposition, as well as his failure to comply with other discovery related orders. *See* Fed. R. Civ. Proc. 37. Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,]" no additional analysis is necessary. *Barney v. Consol. Edison Co. of N.Y.*, No. 99-CV-823, 2006 WL 4401019, *16 (E.D.N.Y. July 19, 2006) (citing *Banjo v. United States*, 1996 WL 426364, at *5 (S.D.N.Y. July 30, 1996)); *New Pacific Overseas Group (USA) Inc. v. Excal Intern. Dev. Corp.*, Nos. 99 Civ. 2436, 99 Civ. 3581, 2000 WL 377513, *7 (S.D.N.Y. Apr. 12, 2000) (citations omitted).

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: January 23, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge